NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAVIER OLVERA-GONZALEZ, | No. 22-757 |
| Petitioner, | Agency No. A208-081-758 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2023**
Pasadena, California

Before: PARKER,*** BYBEE, and DESAI, Circuit Judges.

Petitioner Javier Olvera-Gonzalez ("Petitioner" or "Olvera-Gonzalez"), a

native and citizen of Mexico, seeks review of a March 25, 2022 Board of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Immigration Appeals ("BIA") decision affirming the denial by an immigration judge ("IJ") of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Olvera-Gonzalez contends that, as a gay man, he fears future persecution based on his membership in a particular social group. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition.

Where, as here, the BIA expressly adopts the IJ's decision and adds reasoning of its own, we review the IJ's and BIA's decisions together. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). This Court reviews the BIA's legal conclusions de novo. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020). We review denials of asylum, withholding of removal, and CAT relief under the deferential substantial evidence standard. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We also review "factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). The substantial evidence standard is "extremely deferential." *Wang v. INS*, 352 F.3d 1250, 1257 (9th Cir. 2003) (quoting *Monjaraz-Munoz v. INS*, 327 F.3d 892, 895 (9th Cir. 2003)); *Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021) (substantial evidence review is "highly deferential") (quoting *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020)). "Under the substantial evidence standard, administrative findings of fact are conclusive unless any

reasonable adjudicator would be *compelled* to conclude to the contrary." *Zehatye v. Gonzales,* 453 F.3d 1182, 1185 (9th Cir. 2006) (emphasis added) (internal quotations omitted).

We assume the parties' familiarity with the underlying facts in these immigration proceedings. Considering the totality of the circumstances and all relevant factors, we conclude that substantial evidence supports the agency's determination that Petitioner Olvera-Gonzalez did not testify credibly before the IJ. *See Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc); 8 U.S.C. § 1158(b)(1)(B)(iii) (setting forth relevant factors for consideration in a credibility determination, including the "internal consistency of each such statement," and the "consistency of such statements with other evidence of record"). We also conclude that the agency did not abuse its discretion in concluding that Petitioner's conviction for assault with a deadly weapon without a firearm but likely to produce great bodily injury, in violation of section 245(a)(1) of the California Penal Code, constituted a particularly serious crime, rendering him ineligible for withholding of removal relief, and that Petitioner waived his arguments in favor of relief under the Convention Against Torture.

*First*, we conclude that the IJ's adverse credibility finding was supported by substantial evidence and that the BIA properly affirmed the IJ's denial of Petitioner's relief on this ground. After considering Olvera-Gonzalez's requests

for relief, the IJ identified significant differences within Olvera-Gonzalez's asylum application, initial declaration, supplemental declaration, and testimony to find that he was not credible. For example, the IJ highlighted that Petitioner's accounts of when and how frequently he was sexually abused by family members while he resided in Mexico—as well as his accounts of which sibling(s) perpetrated such abuse—differed markedly throughout the proceedings. The IJ also found that Petitioner was "not credible due to his testimony about his conviction for assault with a deadly weapon" because he "denied that he even assaulted his partner, much less that he assaulted him with a deadly weapon."

Petitioner provided explanations for the alleged inconsistencies, but the IJ reasonably rejected his explanations. *See Zhi v. Holder*, 751 F.3d 1088, 1092-93 (9th Cir. 2014) (explaining that the IJ must consider a petitioner's explanation for any inconsistency that supports an adverse credibility determination). For example, Petitioner asserted that he did not believe he was allowed to add further incidents to his supplemental declaration. But the IJ determined that his explanation was unreasonable given the numerous opportunities Petitioner had to amend and supplement his statements. And although Petitioner alleged that he did not commit the underlying elements of the crime for which he was convicted, the IJ reasonably found his testimony not credible because Petitioner failed to provide the requested police report. The IJ's adverse credibility determination based on

4

these inconsistencies is supported by substantial evidence.

The IJ further based its adverse credibility determination on Olvera-Gonzalez's demeanor—a determination we must give special deference "because IJs are in the best position to assess demeanor and other credibility cues that we cannot readily access on review." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010); 8 U.S.C. § 1158(b)(1)(B)(iii) (an IJ may base an adverse credibility determination on the "demeanor, candor, or responsiveness" of the applicant); *see also Ling Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014) ("The need for deference is particularly strong in the context of demeanor assessments."). The record does not compel the conclusion that the IJ's assessment of Petitioner's demeanor was erroneous.

The BIA, in affirming that IJ's decision, pointed to inconsistencies within Petitioner's accounts of the sexual abuse he faced by family members, his domestic violence conviction, and his failure to submit the requested police report to the IJ. It concluded that the IJ "did not clearly err in finding that the respondent embellished his claim on the day of the hearing, noting how the respondent's testimony was markedly different than the personal declaration." This determination was again supported by substantial evidence, given the significant differences between Petitioner's asylum application, initial declaration, supplemental declaration, and testimony and the agency's reasonable rejection of

5

Petitioner's explanations.

*Second*, we conclude that the agency did not abuse its discretion in concluding that Olvera-Gonzalez committed a particularly serious crime ("PSC")—having been convicted of assault with a deadly weapon, in violation of California Penal Code § 245(a)(1)—and was therefore ineligible for withholding of removal relief. Withholding of removal is unavailable to a non-citizen if they have been convicted of a particularly serious crime. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). A crime is categorically considered particularly serious if it is an aggravated felony for which the non-citizen was sentenced to at least five years' imprisonment. 8 U.S.C. § 1231(b)(3)(B)(iv). However, for those offenders who were not sentenced to more than five years' imprisonment, an IJ can find within its discretion that the offender has committed a PSC on a case-by-case basis, "notwithstanding the length of sentence imposed." *Id.*; *see Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010). Indeed, "[i]f the elements of [the] offense are found to potentially bring it within the ambit of a particularly serious crime, all reliable information that is relevant to the determination may be considered." *Matter of G-G-S-*, 26 I&N. Dec. 339, 343 (BIA 2014), *vacated and remanded on other grounds*, 892 F.3d 985 (9th Cir. 2018).

We review the determination that a petitioner committed a "particularly serious crime" for abuse of discretion. *Konou v. Holder*, 750 F.3d 1120, 1127 (9th

6

Cir. 2014). "[O]ur review is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach this conclusion." *Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020) (internal quotation marks and alterations omitted). Olvera-Gonzalez asserts that the IJ erred in finding that "by its nature, assault with a dangerous weapon raises the possibility that it constituted a particularly serious crime" and that the IJ only found so "because he ordered the Petitioner to file the police report related to this offense, and [Petitioner] failed to do so for 'good reason.'" However, as the Government notes, it was Petitioner's burden to demonstrate that his conviction *did not* constitute a PSC so as to disqualify him from withholding of removal. *See* 8 U.S.C. § 1229a(b)(4)(A)(i). Thus, the IJ did not abuse its discretion in concluding that Petitioner's conviction for assault with a deadly weapon in violation of section 245(a)(1) of the California Penal Code constituted a PSC, nor did the BIA apply the incorrect legal standard in affirming this determination.

*Third*, we conclude that Petitioner abandoned his challenge to the IJ's denial of his CAT application because he provides no meaningful argument in his brief for why he should be eligible for CAT protection. Specifically, Petitioner failed to provide "citations to the authorities, statutes, and parts of the record relied on." *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (quoting Fed. R. App. P. 28(a)(6)). And even if the claim is not abandoned, Petitioner's only allegation

of error—that the IJ exclusively considered the Mexican human rights report—is not supported by the record.

**PETITION DENIED**